584    APPELLATE COURTS OF ILLINOIS.

Harding v. Filler, 211 Ill. App. 584.

## Charles E. Harding, Defendant in Error, v. A. T. A. Filler, Plaintiff in Error.

### Gen. No. 23,934.   (Not to be reported in full.)

Error to the Circuit Court of Cook county; the Hon. SAMUEL C. STOUGH, Judge, presiding. Heard in this court at the March term, 1918. Reversed with directions. Opinion filed July 12, 1918.

### Statement of the Case.

Bill by Charles E. Harding, complainant, against A. T. A. Filler, defendant, for an accounting and to impress certain property with a trust. To reverse a decree for complainant, defendant prosecutes this writ of error.

VINCENT D. WYMAN, HARRY C. KINNE and CHARLES E. CARPENTER, for plaintiff in error.

WINTERS, PRICE & STEVENS and JULIAN CLAY RISK, for defendant in error; GEORGE M. STEVENS, SR., GEORGE M. STEVENS, JR., and JULIAN CLAY RISK, of counsel.

MR. PRESIDING JUSTICE DEVER delivered the opinion of the court.

### Abstract of the Decision.

1. ACCOUNT, § 35*—*when finding in favor of complainant on bill for accounting and to impress property with trust is proper.* On a bill for an accounting and to impress certain property with a trust, evidence *held* to support a finding and conclusion of the master in favor of complainant.

2. PRINCIPAL AND AGENT, § 42*—*when rule as to binding of principal by unauthorized act of agent not disavowed not rigorously applied.* The rule that one neglecting promptly to disavow an unauthorized act of his agent makes the act his own will be readily applied where the rights of an innocent third person are involved,

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Harding v. Filler, 211 Ill. App. 584.

but not so rigorously in cases where a principal seeks relief directly against the agent for injuries resulting from the agent's fraudulent, disloyal and secretive conduct.

3.   EQUITY, § 258*—*when refusal to allow amendment of answer is proper.*   Where, on a bill for an accounting and to impress property with a trust, defendant files an answer simply denying the acts complained of, it is not error to refuse to permit defendant, after the master has prepared his report, to amend his answer so as to let in proof to show that complainant had ratified and acquiesced in those acts which the evidence showed the defendant had committed, especially where there is no claim of express ratification or acquiescence and the evidence before the master supports a finding that there was no sort of acquiescence or ratification.

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.